IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAFER, KLINE & WARREN, INC., )
)
         Plaintiff, )
)
)
vs. )   Case No. 13-2472-JAR-TJJ
)
THE ALLEN GROUP-KANSAS CITY, )
LLC, and RICHARD ALLEN, )
)
         Defendants. )
_____)

## MEMORANDUM AND ORDER

Plaintiff Shafer, Kline & Warren, Inc. ("SKW") alleges several state law claims against Defendants The Allen Group-Kansas City, LLC and Richard Allen, related to professional services for which Plaintiff claims it was not paid. Before the Court is Defendant Richard Allen's Motion to Dismiss Count III (Doc. 14), for constructive trust. The motion is fully briefed and the Court is prepared to rule. As explained more fully below, Defendant's motion to dismiss is granted.

### I.    Facts Alleged in the First Amended Complaint

The following facts are alleged in the First Amended Complaint and viewed in the light most favorable to Plaintiff.[1] Prior to 2011, BNSF Railway Company ("BNSF") began planning the construction of a several hundred acre intermodal center in or near Edgerton, Kansas, in Johnson County, to be called Logistics Park Kansas City ("LPKC"). LPKC was planned to eventually accommodate over 500,000 shipping containers, and host such entities as agricultural

---

[1]The First Amended Complaint (Doc. 28) was filed after the briefing on the motion to dismiss. In granting Plaintiff's unopposed motion for leave to amend, Magistrate Judge Teresa James noted that the amendments do not involve Count III and that the Court would construe the briefing on the motion to dismiss as applicable to the First Amended Complaint. *See* Doc. 27.

exporters, e-commerce companies, traditional retailers, and product distributors. BNSF used the services of The Allen Group-Kansas City ("TAG") to assist with and facilitate the project. In 2010, TAG retained SKW to secure and facilitate the proper municipal annexation of the real property where LPKC would be built. Over the course of the next several months, TAG routinely and repeatedly requested SKW perform professional services for TAG and the LPKC project; SKW performed these services. TAG accepted SKW's services and SKW sent invoices and statements to TAG setting forth its charges and requests for payment. TAG has failed and refused to pay SKW for the services it provided to TAG for the LPKC project.

In Count III, SKW alleges that it is entitled to a constructive trust against Defendant Richard Allen, claiming that "TAG was insolvent after the transfer of certain assets relating to the LPKC project," and alleges that "Allen holds title to or possesses the value received for the assets TAG transferred relating to the LPKC project." SKW alleges that Allen is subject to an equitable duty to convey the value he has received because otherwise, he would be unjustly enriched. And SKW alleges that Allen is under a legal or equitable duty to hold that value in trust for SKW.

## II. Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[2] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

2

likelihood of mustering factual support for *these* claims."³ The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"⁴ but requires more than "a sheer possibility."⁵

The plausibility standard enunciated in *Bell Atlantic v. Twombly*,⁶ seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"⁷ *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.⁸

The Supreme Court has explained the analysis as a two-step process. For purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"⁹ Thus, the Court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.¹⁰ Second, the Court must determine whether the factual allegations, when assumed true, "plausibly give rise to an

---

³*Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

⁴*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

⁵*Id.*

⁶*Twombly*, 550 U.S. at 544.

⁷*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

⁸*Id.* (citing *Twombly*, 550 U.S. at 556).

⁹*Iqbal*, 556 U.S. at 678.

¹⁰*Id.* at 679.

entitlement to relief."[11]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

## III.  Discussion

Defendant Allen moves to dismiss Count III of the First Amended Complaint, which is asserted against him in his personal capacity.  He argues that this claim must be dismissed because SKW has an adequate remedy at law, and because the facts do not sufficiently allege that Allen owed SKW a recognizable legal duty.

A constructive trust is an equitable remedy for unjust enrichment; it is not an independent cause of action.[13]  Therefore, the Court construes Count III as asserting a claim of unjust enrichment against Defendant Allen, seeking a constructive trust as a remedy.  To succeed on a claim of unjust enrichment, a plaintiff must show, "(1) a benefit has been conferred upon the defendant, (2) the defendant retains the benefit, and (3) under the circumstances, the defendant's retention of the benefit is unjust."[14]  "Kansas law is clear that quasi-contractual remedies, such as unjust enrichment, 'are not to be created when an enforceable express contract regulates the relations of the parties with respect to the disputed issue.'"[15]  "Generally, equitable remedies are

---

[11]*Id.*

[12]*Id.* at 678.

[13]*Nelson v. Nelson*, 205 P.3d 715, 723 (Kan. 2009).

[14]*Estate of Draper v. Bank of Am., N.A.*, 205 P.3d 698, 706 (Kan. 2009).

[15]*See Britvic Soft Drinks, Ltd. v. ACSIS Techs., Inc.*, No. 01-2243-CM, 2004 WL 1900584, at *2 (D. Kan. June 8, 2004) (citing *Member Servs. Life Ins. Co. v. Am. Nat'l Bank & Trust Co.*, 130 F.3d 950, 957 (10th Cir. 1997)).

not available if there is an adequate remedy at law."[16]

Defendant argues that Plaintiff has an adequate remedy at law against TAG for breach of contract and that the owners of a corporate entity generally cannot be held personally liable for corporate debts. Plaintiff responds that (1) a party may plead alternative remedies; (2) special circumstances exist that would allow the owner of the corporate entity in this case to be held personally liable for TAG's corporate debts.

While Plaintiff is correct that alternative remedies are generally permitted under the federal rules,[17] a claim is still subject to dismissal if it is precluded by law.[18] "[A] claim must first be made against the one who violated a duty . . . and a remedy at law must be unavailable before equitable relief is allowed."[19] Here, the allegations in the First Amended Complaint make clear that SKW contracted with TAG and that TAG refused to pay for its services. Plaintiff therefore has an adequate legal remedy for breach of contract against TAG. The mere fact that TAG may be unable to satisfy a judgment does not mean that SKW's legal remedy is inadequate.[20]

Even if Plaintiff could establish that it does not have an adequate remedy at law, Count III must be dismissed because it fails to state a plausible claim of unjust enrichment against Allen. Plaintiff argues that it alleges two special circumstances are present that would allow

---

[16]*Nelson*, 205 P.3d at 734.

[17]Fed. R. Civ. P. 8(a)(3).

[18]*See Fusion, Inc. v. Neb. Aluminum Castings, Inc.*, 934 F. Supp. 1270, 1275 (D. Kan. 1996).

[19]*Nelson*, 205 P.3d at 734.

[20]*See* Restatement (First) of Restitution § 160 cmt. f ("a constructive trust will not be imposed merely because owing to the insolvency of the defendant the remedy at law is inadequate.").

Allen to be personally liable for TAG's liabilities under an unjust enrichment theory: (1) the trust fund doctrine; and (2) "injustice." Neither circumstance applies to the facts alleged in the First Amended Complaint.

Kansas recognizes the trust fund doctrine as follows:

> Under the trust fund doctrine the assets of a dissolved corporation are a trust fund against which the corporate creditors have a claim superior to that of the stockholders, and creditors have the right to follow such assets into the hands of stockholders who hold assets as though the stockholders were trustees. A stockholder of a dissolved corporation receiving assets of a dissolved corporation is liable to respond to a creditor of the corporation only to the extent of the assets so received or the value thereof if the same have been disposed of by the stockholder.[21]

While Plaintiff alleges in the First Amended Complaint that TAG was insolvent, it does not allege that it has been dissolved. Assuming the facts alleged as true, this doctrine does not apply to Allen.

Next, Plaintiff argues that Allen may be personally liable based on "injustice." The cases to which SKW cites apply the doctrine of piercing the corporate veil.[22] "'The doctrine of alter ego is used to impose liability on the individual who uses a corporation merely as an instrumentality to conduct his own personal business.'"[23] While Plaintiff is correct that "injustice alone" may be sufficient to pierce the corporate veil under certain circumstances,[24]

---

[21]*Carson v. Davidson*, 808 P.2d 1377, 1381–82 (Kan. 1991).

[22]*Ireland v. Dodson*, 704 F. Supp. 2d 1128 (D. Kan. 2010); *Louisburg Bldg. & Dev. Co. v. Albright*, 252 P.3d 597, 609 (Kan. Ct. App. 2011).

[23]*Kvassay v. Murray*, 808 P.2d 896, 904 (Kan. Ct. App. 1991) (quoting *Sampson v. Hunt*, 665 P.2d 743 (Kan. 1983)).

[24]*Id.* (stating that "[i]njustice alone will support a disregard of the corporate entity" where the record showed that the individuals used the corporation as a facade for their own interests and induced the plaintiff to enter into a contract with the corporation to the detriment of the plaintiff).

under Kansas law, the Court is to evaluate the following relevant factors to determine whether the doctrine should apply:

> (1) Undercapitalization of a one-man corporation, (2) failure to observe corporate formalities, (3) nonpayment of dividends, (4) siphoning of corporate funds by the dominant stockholder, (5) nonfunctioning of other officers or directors, (6) absence of corporate records, (7) the use of the corporation as a facade for operations of the dominant stockholder or stockholders, and (8) the use of the corporate entity in promoting injustice or fraud.[25]

Again, there are no facts alleged in the First Amended Complaint that would suggest the presence of any of these factors, nor does Plaintiff seek to pierce the corporate veil in its pleading.

SKW states in the response that it believes discovery will show that TAG transferred unspecified "assets" to NorthPoint Development and that TAG did not receive enough value in return. SKW believes that Allen did receive some value in exchange for this transfer. But these facts are not alleged in the First Amended Complaint, which was filed after the motion to dismiss. Nor do these facts suffice to establish Allen is the alter ego of TAG—there is absolutely no explanation as to how NorthPoint is related to Allen or TAG nor how this fact otherwise shows that Allen is the alter ego of TAG. The Court may not consider matters outside the pleadings on a motion to dismiss.[26] The facts alleged in the First Amended Complaint do not state a plausible claim for piercing the corporate veil to hold Allen accountable for the debts of TAG. Therefore, the Court grants Defendant's motion to dismiss Count III against Allen for unjust enrichment and constructive trust.

---

[25] *Amoco Chems. Corp. v. Bach*, 567 P.2d 1337, 1341–42 (Kan. 1977).

[26] Fed. R. Civ. P. 12(d).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Richard Allen's Motion to Dismiss Count III (Doc. 14) is **granted**. Count III is hereby dismissed.

Dated: May 15, 2014

                                              S/ Julie A. Robinson

                                              JULIE A. ROBINSON

                                              UNITED STATES DISTRICT JUDGE